UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAMMUA WILLIAMS, | ) | |
| | ) | FILED: JULY 22, 2008 |
| Plaintiff, | ) | 08CV4169 |
| | ) Case No. | JUDGE ZAGEL |
| v. | ) | MAGISTRATE JUDGE MASON |
| | ) Judge | TG |
| MICHAEL A. CARROLL, JAMES J. OBALDO, | ) | |
| ALFREDO Z. SILVA, LAURENCE T. STILES, | ) Magistrate Judge | |
| DANIELLE N. PHILP, DAVID ADAMS, | ) | |
| ADAM C. WOLBERS, and CITY OF | ) JURY TRIAL DEMANDED | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## CIVIL RIGHTS COMPLAINT

Plaintiff, SHAMMUA WILLIAMS, by and through his attorney, Irene K. Dymkar, and complaining against defendants, states as follows:

### NATURE OF CLAIM

1.  This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2.  Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claims of malicious prosecution and conversion.

### JURISDICTION AND VENUE

3.  Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, defendants MICHAEL A. CARROLL, JAMES J. OBALDO, ALFREDO Z. SILVA, LAURENCE T. STILES, DANIELLE N. PHILP, DAVID ADAMS, and ADAM C. WOLBERS were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On July 23, 2006, at approximately 8:00 PM, plaintiff, SHAMMUA WILLIAMS, was lawfully in a vehicle near W. Division Street and N. Pulaski Road in the City of Chicago, and was engaged in lawful conduct.

9. Defendant police officers stopped plaintiff without reasonable suspicion at gunpoint and started asking him about gangs and shootings in the neighborhood. Defendants placed plaintiff in handcuffs and arrested him.

10. Defendant police officers searched plaintiff's person. They then searched plaintiff's vehicle, all without a warrant, without permission, and without legal cause.

11. Defendant police officers caused false charges to be filed against plaintiff, including felony gun possession charges. Plaintiff was booked, processed, and charged with said crimes, and was wrongfully incarcerated.

12. Plaintiff's vehicle and all its contents were impounded. There was no legal cause to order the vehicle and its contents towed. Plaintiff's personal property was confiscated as evidence.

13. Plaintiff had to retain the services of a criminal defense attorney to defend him in the criminal case. Plaintiff was found not guilty after trial of all charges brought against him.

14. An impoundment and forfeiture proceeding was commenced by defendant police officers against plaintiff's vehicle and its contents, all to the loss and detriment of plaintiff.

15. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

16. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

17. By reason of the above-described acts and omissions of the individual defendants, plaintiff were required to retain an attorney to institute, prosecute and render

legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I
**Plaintiff, SHAMMUA WILLIAMS, Against Individual Defendants for False Arrest**

18. Plaintiff, SHAMMUA WILLIAMS, incorporates and realleges paragraphs 1 – 17, as though set forth herein in their entirety.

19. The stop, seizure, and arrest of plaintiff SHAMMUA WILLIAMS were without probable cause and unreasonable.

20. By reason of the conduct of the individual defendants, plaintiff, SHAMMUA WILLIAMS, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT II
**Plaintiff SHAMMUA WILLIAMS Against Individual Defendants for Unconstitutional Search and Seizure of His Vehicle and Its Contents**

21. Plaintiff, SHAMMUA WILLIAMS, incorporates and realleges paragraphs 1 – 17, as though set forth herein in their entirety.

22. The search and seizure by the individual defendants of plaintiff's vehicle and its contents were performed without a warrant, without legal cause, and without plaintiff's consent, thus invading and violating plaintiff's right to security and privacy.

23.     By reason of the conduct of the individual defendants, plaintiff, SHAMMUA WILLIAMS, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT III
### Plaintiff, SHAMMUA WILLIAMS, Against All Individual Defendants for Due Process Violations

24.     Plaintiff, SHAMMUA WILLIAMS, incorporates and realleges paragraphs 1 – 17, as though set forth herein in their entirety.

25.     The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

26.     These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

27.     By reason of the conduct of the individual defendants, plaintiff, SHAMMUA WILLIAMS, was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
### Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution

28. Plaintiff, SHAMMUA WILLIAMS, incorporates and realleges paragraphs 1 – 17, as though set forth herein in their entirety.

29. The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of criminal charges against plaintiff. The criminal proceedings were commenced and continued maliciously.

30. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony and information under oath.

31. Plaintiff was wrongfully incarcerated and then wrongfully prosecuted for more than 14 months until he was found not guilty of all charges after trial.

32. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

33. The individual defendant police officers, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

34. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

## COUNT V
### Plaintiff, SHAMMUA WILLIAMS, Against All Defendants for the State Supplemental Claim of Malicious Prosecution Regarding Civil Administrative Proceeding

35. Plaintiff, SHAMMUA WILLIAMS, incorporates and realleges paragraphs 1 – 17, as though set forth herein in their entirety.

36. The individual defendants maliciously caused an impoundment claim to be filed and prosecuted against plaintiff and his vehicle. There was no legal cause for the institution of the proceeding, which was commenced and continued maliciously.

37. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written pleadings, and giving false and perjured testimony and information under oath.

38. The individual defendant police officers, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

39. Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

### COUNT VI
**Plaintiff, SHAMMUA WILLIAMS, Against All Defendants for the State Supplemental Claim of Conversion**

40. Plaintiff, SHAMMUA WILLIAMS, incorporates and realleges paragraphs 1 – 17, as though set forth herein in their entirety.

41. Defendants' assumption of control over plaintiff's personal property was unauthorized and wrongful.

42. Plaintiff had the right to control and possess his property, the return of which plaintiff has demanded and defendants have refused.

43. By withholding plaintiff's property, defendants have deprived plaintiff of his personal property without his consent.

44. The individual defendant police officers, and each of them, is therefore liable to plaintiff under Illinois law for the state supplemental claim of conversion.

45. Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff, SHAMMUA WILLIAMS, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

    A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

    B. That defendants be required to pay plaintiff special damages,

    C. That defendants, except CITY OF CHICAGO, be required to pay the plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    D. That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    E. That defendants be required to pay plaintiff costs of the suit herein incurred, and

    F. That plaintiff be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUEST A TRIAL BY JURY.**

Dated: July 22, 2008                       /s     Irene K. Dymkar
                                                        Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123