# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHAMMUA WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL A. CARROLL, JAMES J. OBALDO, ALFREDO Z. SILVA, LAURENCE T. STILES, DANIELLE N. PHILP, DAVID ADAMS, ADAM C. WOLBERS, and CITY OF CHICAGO,<br><br>    Defendants. | No. 08 C 4169<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Defendants seek dismissal of Plaintiff's due process claims pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants deprived him of fair criminal proceedings by withholding exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute Plaintiff. For the following reasons, Defendants' motion to dismiss is granted.

### II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Defendants' motion to dismiss should be granted only if Plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, I must accept all well-pleaded factual allegations in the complaint as true, drawing

all reasonable inferences from those facts in Plaintiff's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). Stated another way, I should not grant Defendants' motion "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). That said, Plaintiff's "obligation to provide the grounds of his entitlement for relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).

### III. STATEMENT OF RELEVANT FACTS

Plaintiff's complaint alleges the following facts. On July 23, 2006, Defendant Chicago Police Officers stopped Plaintiff's vehicle at gunpoint without reasonable suspicion, while he was lawfully in his vehicle. Defendants questioned Plaintiff, searched both him and his vehicle, and arrested him without a warrant, permission, or legal cause. Plaintiff was booked, charged with felony gun possession among other charges, and incarcerated. The police impounded Plaintiff's vehicle and its contents without legal cause, and Plaintiff's personal property was confiscated as evidence. Plaintiff lost his vehicle and its contents in an impoundment and forfeiture proceeding commenced by Defendants. At trial, Plaintiff was acquitted of all charges brought against him.

Plaintiff charges Defendants with federal claims of false arrest, unconstitutional search and seizure, and violation of due process. Plaintiff also makes supplemental state claims of malicious prosecution, malicious prosecution regarding a civil administrative proceeding, and

conversion. Of the federal claims, Count III of Plaintiff's complaint alleges that Defendants deprived Plaintiff of fair criminal proceedings in violation of the due process protections of the Fifth and Fourteenth Amendments by withholding known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute Plaintiff and to deny Plaintiff fair legal proceedings.

## IV. DISCUSSION

Defendants make several arguments in support of their motion to dismiss. First, Defendants claim that Count III fails to the extent that it relies on the Fifth Amendment because the Fifth Amendment applies only to federal officials. Second, Defendants argue that the allegations against them amount to a claim of malicious prosecution which is not cognizable under § 1983. Finally, Defendants claim that the allegation that they withheld exculpatory evidence is unavailing because Plaintiff was acquitted at trial.

### A. Plaintiff's Fifth Amendment Claim

The court grants Defendants' motion to dismiss Count III to the extent that it relies on the Fifth Amendment. Fifth Amendment protections are available against federal, but not state action. *LaBoy v. Zuley*, 747 F. Supp. 1284, 1286 (N.D. Ill. 1990). Defendants are employees of the Chicago Police Department and not the federal government, and Plaintiff does not claim that the Defendants were acting under the color of federal law.

B.      **Plaintiff's Fourteenth Amendment Claim**

1.      **Malicious Prosecution Claims**

Plaintiff's allegations that Defendants submitted false charges and false police reports, swore to false statements and otherwise acted to influence and persuade the State's Attorney to prosecute Plaintiff and to deny Plaintiff fair legal proceedings essentially amount to a malicious prosecution claim.[1] *See McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003) (noting that plaintiff's allegations that police "denied him due process by causing him to suffer '[a] deprivation of liberty from prosecution and a contrived conviction . . . deliberately obtained from the use of false evidence,' his claim is, in essence, one for malicious prosecution." (internal quotations omitted)). States that have available the common law tort of malicious prosecution do not recognize claims for malicious prosecution under the Fourteenth Amendment. *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001) ("[T]he existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution.''). Because there is no constitutional right not to be prosecuted without probable cause, a plaintiff cannot state a § 1983 claim simply by showing that he was wrongly prosecuted, but rather must establish that he was deprived of a specific constitutional right, such as the right to a fair trial. *Id* at 750-52. Plaintiff cannot circumvent *Newsome* by styling his claim as a constitutional tort where a state malicious prosecution tort is available to provide him relief. *McCann*, 337 F.3d at 786.

---

[1] Plaintiff's own pleadings acknowledge the similarity between the alleged due process violations (Count III) and the state claim for malicious prosecution (Count IV). Plaintiff's factual allegations in Counts III and IV are nearly identical and both include submitting false charges as contained in the criminal complaints, submitting false police reports, and swearing to false statements. Count III also includes the allegation that Defendants violated Plaintiff's due process rights by "otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings."

## 2. Suppression Of Exculpatory Evidence

The *Newsome* proscription of the constitutional tort of malicious prosecution does not similarly preclude Plaintiff's claim that the suppression of exculpatory or impeaching evidence violated due process. A *Brady* claim recognizes the constitutional duty of the prosecution to turn over exculpatory or impeaching evidence to a defendant in a criminal proceeding. *Carvajal v. Dominguez*, 542 F.3d 561, 566 (7th Cir. 2008) (citing *Brady v. Maryland*, 373 U.S. 83, 83 (1963)). "The fundamental principle at stake. . . is the 'avoidance of an unfair trial to the accused.'" *Steidl v. Fermon*, 494 F.3d 623, 628 (7th Cir. 2007) (quoting *Brady*, 373 U.S. 83 at 87). The duty "extends to the police and requires that they similarly turn over exculpatory/impeaching evidence to the prosecutor, thereby triggering the prosecutor's disclosure obligation." *Carvajal*, 542 F.3d at 566.

A *Brady* violation has three basic elements: "(1) the evidence at issue is favorable to the accused, either being exculpatory or impeaching; (2) the evidence must have been suppressed by the government, either willfully or inadvertently; and (3) there is a reasonable probability that prejudice ensued—in other words, 'materiality.'" *Id.* at 566-67. "Evidence is 'material' 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.* at 567 (citing *Strickler v. Greene,* 527 U.S. 263, 280 (1999)). The Seventh Circuit has expressed doubt "that an acquitted defendant can ever establish the requisite prejudice for a *Brady* violation." *Id.* at 570. Because Plaintiff was found not guilty at trial, the allegedly withheld evidence could not have produced a different, more favorable result for Plaintiff.

*Bielanski* offers a clarification on the materiality standard, expanding the analysis to include the inquiry of whether "the decision to go to trial would have been affected by the allegedly withheld evidence." *Bielanski v. County of Kane*, 550 F.3d 632, 645 (7th Cir. 2008). It may be possible to make a successful *Brady* claim even where the defendant was acquitted if the allegedly withheld evidence is "materially favorable to the accused," and if its disclosure would have resulted in the dismissal of the charges before trial. *Id*. However, in this instance, Plaintiff's pleadings are deficient under our standard for deciding a Rule 12(b)(6) motion: Plaintiff's obligation "to provide the grounds of his entitlement for relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 544, 127 S.Ct. at 1964-65. Plaintiff pleads no facts to support the legal conclusion that the police withheld exculpatory evidence from the prosecution, in large part because he makes no allegations with regard to the type of evidence he claims was withheld. I therefore cannot reach the *Bielanski* inquiry.

Furthermore, to the extent that Plaintiff attributes suppressed evidence to Defendants' failure to disclose to the prosecutor the falsity of their statements, a *Brady* claim is unavailing. "*Brady* rights run only to the defendant, not the prosecutor." *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029 (7th Cir. 2006). A plaintiff may not seek an extension of *Brady* to "provide relief if a police officer makes a false statement to a prosecutor by arguing that an officer is 'suppressing' evidence of the truth by making the false statement." *Harris v. Kuba* 486 F.3d 1010, 1016-17 (7th Cir. 2007).

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Count III of Plaintiff's complaint is granted.

ENTER:

James B. Zagel
United States District Judge

DATE: February 17, 2009